John L. **PERKINS**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18345.

United States Court of Appeals
Ninth Circuit.

April 16, 1963.

---

John M. Steadman, San Francisco, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Section, and David R. Nissen, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS and DUNIWAY, Circuit Judges, and MADDEN, Judge, Court of Claims.

DUNIWAY, Circuit Judge.

On this appeal, the sole question presented is whether the evidence is sufficient to sustain the verdict of conviction. The charge is that appellant Perkins and one Johnson stole a letter from an authorized depository for mail.

Stated most favorably to the government, the evidence shows that the government caused a letter, which had the appearance of the envelope in which the government commonly mails its checks, to be addressed and mailed to the apartment of a Mrs. Flinn at 790 West 5th Street, San Pedro, California. The entrance to the apartment was "staked out" by postal inspectors in automobiles so situated that the occupants, with the use of field glasses, could observe Mrs. Flinn's mail box. In the morning they saw an envelope, resembling the one that had been mailed, in her mail box. It protruded from the top in such a way as to be visible. During the morning, they also observed a pink Cadillac car, occupied by one or more men, drive slowly past the apartment several times. The district was residential and the traffic was not heavy. Early in the afternoon, the Cadillac stopped not far from the apartment and Perkins and Johnson alighted from the vehicle which then departed. The two men proceeded up the walk to the entrance to the apartment, Johnson carrying a folded newspaper. When the two men arrived at the entrance, they stood side by side for a moment in front of the mail box, with their backs to the street. Johnson removed the letter from the mail box and placed it in the folded newspaper. They then moved slightly to their right and Perkins rapped on Mrs. Flinn's door. Mrs. Flinn's daughter called down from the top of the stairs: "Go away." The two men then left and were arrested when they reached the sidewalk. During the course of the arrest, the envelope was found on the sidewalk at about the place where the arrest occurred. None of the agents actually saw the letter fall to the sidewalk at the time of the arrest.

When Perkins took the stand, he testified that he had purchased the newspaper that morning. He admitted all of the described evidence, except that he denied that either he or Johnson took the envelope out of the box. He was asked if he had told one of the inspectors after the arrest that he "had a girl lined up to push paper?"

"Q. You didn't tell them that you had a girl lined up to push papers, meaning checks?

"A. No, no, definitely not."

On rebuttal, the agent testified:

"Q. At the time did you have occasion to ask him a question and the defendant replied that he just had a girl lined up to pass some paper,——

"A. He did.

"Q. ——meaning checks?

"A. Yes."

Perkins' explanation of what he was doing was one that the jury could have believed, but was not required to believe. In essence, appellant's contention now is that he was present, but not shown to be a participant. We think that the evidence permits an inference that he was a participant and that, consequently, the verdict of the jury is supported by the evidence.

Affirmed.